R. Rex Parris, Esq. (SBN 96567)
    rrparris@rrexparris.com
Alexander R. Wheeler, Esq. (SBN 239541)
    awheeler@rrexparris.com
Kitty K. Szeto, Esq. (SBN 258136)
    kszeto@rrexparris.com
John M. Bickford, Esq. (SBN 280929)
    jbickford@rrexparris.com
**R. REX PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
Telephone:      (661) 949-2595
Facsimile:      (661) 949-7524

Attorneys for Plaintiffs, the Putative Class
and Aggrieved Employees

## UNITIED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA CLEMENS, JORDAN SIMENSEN, and ADRIA DESPRES, individuals, for themselves and all members of the putative class, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA") <br><br> Plaintiffs, <br><br> v. <br><br> HAIR CLUB FOR MEN, LLC, a Delaware corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> (1) Violation of California Labor Code § 1198 (Unpaid Overtime); <br> (2) Violation of California Labor Code § 226.7 (Unpaid Meal Period Premiums); <br> (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); <br> (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); <br> (5) Violation of California Labor Code §§ 201 & 202 (Final Wages Not Timely Paid) <br> (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); <br> (7) Violation of California Labor Code § 226, subd. (a) (Non-Compliant Wage Statements); <br> (8) Violation of California Labor Code § 1174, subd. (d) (Failure To Keep Requisite Payroll Records); <br> (9) Violation of California Business & Professions Code §§ 17200, et seq.; and <br> (10) Violation of California Labor Code § 2698 et seq. (California Labor Code Private Attorney General Act of 2004) <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiffs TERESA CLEMENS, JORDAN SIMENSEN, and ADRIA DESPRES, on behalf of themselves, and all other similarly situated, the general public, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act of 2004, file this Complaint against Defendant HAIR CLUB FOR MEN, LLC, a Delaware corporation, and DOES 1 through 100 inclusive. Plaintiffs' allegations are based upon information and belief and upon investigation of Plaintiffs' counsel, except for allegations specifically pertaining to Plaintiffs, which are based upon Plaintiffs' personal knowledge.

## JURISDICTION & VENUE

1.      This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)–(6), because there is (1) at least 100 class members, (2) minimal diversity, and (3) an amount in controversy that exceeds $5 million, exclusive of interest and costs.

2.      This Court has personal jurisdiction over Defendant HAIR CLUB FOR MEN, LLC because it has certain minimum contacts with California such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Wash.* (1941) 326 U.S. 310, 316.

3.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

4.      Plaintiff TERESA CLEMENS ("CLEMENS") is an individual who, at all times relevant herein, was a resident of Contra Costa County, California. Plaintiff CLEMENS brings this action on behalf of herself, the general public, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act of 2004.

5.      Plaintiff JORDAN SIMENSEN ("SIMENSEN") is an individual who, at all times relevant herein, was a resident of Contra Costa County, California. Plaintiff SIMENSEN brings this action on behalf of herself, the general public, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act of 2004.

6.      Plaintiff ADRIA DESPRES ("DESPRES") is an individual who, at all times relevant herein, was a resident of Contra Costa County, California. Plaintiff DESPRES brings this action on

1

behalf of herself, the general public, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act of 2004.

7.      Plaintiffs CLEMENS, SIMENSEN, and DESPRES will collectively be referred to hereafter as "Plaintiffs."

8.      Defendant HAIR CLUB FOR MEN, LLC is a corporation formed under the laws of Delaware, having its principal place of business at 1515 S. Federal Hwy, Suite 401, Boca Raton, Florida 33432.

9.      Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of DOES 1 through 100 when ascertained.  Each of these fictitiously named defendants participated or acted in concert with Defendant HAIR CLUB FOR MEN, LLC and is therefore responsible in some manner for the acts, occurrences, and/or omissions alleged herein, and has thereby proximately caused damages to Plaintiffs and the class, and is liable to Plaintiffs and the class by reason of the facts alleged herein.

10.     Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, each of the defendants was the agent, partner, successor, or employee of Defendant HAIR CLUB FOR MEN, LLC and, in doing the things complained of herein, was acting within the course and scope of such agency, partnership, succession, or employment.  All acts and omissions alleged to have been done by defendants, and each of them, were done with the consent, knowledge and ratification of all other defendants.

11.     Defendant HAIR CLUB FOR MEN, LLC and DOES 1 through 100 will collectively be referred to hereafter as "Defendants."

## FACTUAL ALLEGATIONS

12.     Defendants employed Plaintiff CLEMENS as hourly-paid, non-exempt employee from on or about April 29, 2014 to October 23, 2014 in the State of California.

13.     Defendants have employed Plaintiff SIMENSEN as hourly-paid, non-exempt employee from on or about February 15, 2005 to the present in the State of California.

/ / / /

2

14.     Defendants have employed Plaintiff DESPRES as hourly-paid, non-exempt employee from on or about October 11, 2011 to May 31, 2013 in the State of California.

15.     Defendants had the authority to hire and terminate Plaintiffs and the other class members; to set work rules and conditions governing Plaintiffs and the other class members; and to supervise their daily employment activities.

16.     Defendants directly hired and paid wages and benefits to Plaintiffs and the other class members.

17.     Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practices.

18.     Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practice.

19.     Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly paid employees.

20.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that they had a duty to compensate Plaintiffs and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

21.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive certain wages for all work performed, including for overtime compensation.

22.     At all material times set forth herein, Defendants regularly and consistently failed to compensate Plaintiffs and the other class members for all hours worked.

3

23.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were working over eight (8) hours per day and were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

24.    At all material times set forth herein, Defendants failed to fully comply with the relevant provision of the Labor Code and the IWC orders to pay overtime wages to Plaintiffs and the other class members.

25.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and/or applicable Labor Codes, thus are entitled to any and all applicable penalties.

26.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a meal period was missed.

27.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed.

28.    At all material times set forth herein, Defendants failed to fully comply with the relevant provision of the Labor Code and the IWC orders to provide uninterrupted meal and rest periods to Plaintiffs and the other class members.

29.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them upon discharge or resignation.

30.    At all material times set forth herein, Defendants regularly and consistently failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

////

31.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive complete and accurate wage statements in accordance with California law.

32.     At all material times set forth herein, Defendants regularly and consistently failed to provide complete and accurate wage statements to Plaintiffs and the other class members.

## CLASS ACTION ALLEGATIONS

33.     Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and thus, seek class certification under Code of Civil Procedure section 382.

34.     The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees employed by
> Defendants within the State of California at any time during the period from
> four years preceding the filing of this Complaint to final judgment.

35.     Plaintiffs reserve the right to establish subclasses as appropriate.

36.     The class is ascertainable and there is a well-defined community of interest in the litigation:

a.     The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be one hundred (100) individuals or greater and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.     Plaintiffs' claims are typical of all other class members' as demonstrated herein.  Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

c.     Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interest that is antagonistic to the other class members.  Plaintiffs' attorneys, the proposed class counsel,

5

are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.      A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.      Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the Complaint anonymity that allows for the vindication of their rights.

37.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exists as to the members of the class:

a.      Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day and failed to pay the legally required overtime compensation to Plaintiffs and the other class members;

b.      Whether Plaintiffs and the other class members did not receive wages for all time worked;

c.      Whether Defendants deprived Plaintiffs and class members of meal periods or required Plaintiffs and class members to work during meal periods without compensation;

d.      Whether Defendants deprived Plaintiffs and class members of rest periods or required Plaintiffs and class members to work during rest periods without compensation;

6

e.   Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

f.   Whether Defendants complied with wage reporting as required by the California Labor Code; including, but not limited to, section 226;

g.   Whether Defendants' conduct was willful or reckless;

h.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200 et seq.;

i.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

j.   Whether Plaintiffs and the class are entitled to compensatory damages pursuant to the California Labor Code.

## PAGA ALLEGATIONS

38.   At all times herein set forth, the Private Attorneys General Act of 2004 ("PAGA") was applicable to Plaintiffs' employment by Defendants.

39.   At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

40.   Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

41.   Plaintiffs were employed by Defendants and the alleged violations were committed against him during his time of employment and he is therefore, an aggrieved employee. Plaintiffs are "aggrieved employees" as defined by California Labor Code section 2699, subdivision (c).

42.   Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, such as Plaintiffs, may pursue a civil action arising under PAGA after the following requirements have been met:

7

a.   The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

b.   The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

43.   On February 6, 2015, Plaintiffs CLEMENTS, DESPRES, and SIMENSEN provided written notice by certified mail to the LWDA and to Defendant HAIR CLUB FOR MEN, LLC of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiffs satisfied the administrative prerequisites under California Labor Code section 2699.3, subdivision (a), to recover civil penalties against Defendant HAIR CLUB FOR MEN, LLC, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512(a), 558, 1174(d), 1198, and all applicable wage orders.

## **FIRST CAUSE OF ACTION**
### **(Violation of California Labor Code § 1198)**
### **(Against Defendant HAIR CLUB FOR MEN, LLC and DOES 1 through 100)**

44.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 43, and each and every part thereof with the same force and effect as though fully set forth herein.

45.   Pursuant to California Labor Code section 1198 and the applicable IWC Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

8

46.     Pursuant to California Labor Code section 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

47.     Pursuant to the applicable IWC Wage Order, Defendants are and were required to pay Plaintiffs and the other class members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day.

48.     During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day.

49.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members.

50.     Defendants' failure to pay Plaintiffs and the other class members overtime compensation, as required by California laws, violates the provisions of California Labor Code section 1198, and is therefore unlawful.

51.     Pursuant to California Labor Code section 1194, subdivision (a), notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

52.     Pursuant to California Labor Code section 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION
### (Violation of California Labor Code section 226.7)
### (Against Defendant HAIR CLUB FOR MEN, LLC and DOES 1 through 100)

53.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 52, and each and every part thereof with the same force and effect as though fully set forth herein.

54.     At all relevant times, the IWC Order and California Labor Code section 226.7, subdivision (a) was applicable to Plaintiffs' and the other class members' employment by Defendants.

/ / / /

9

55.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

56.     At all relevant times, the applicable IWC Wage Order provides that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

57.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

58.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

59.     During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

60.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

61.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code section 226.7.

62.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7 subdivision (b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

/ / / /

/ / / /

### THIRD CAUSE OF ACTION
**(Violation of California Labor Code sections 226.7)**
**(Against Defendant HAIR CLUB FOR MEN, LLC and DOES 1 through 100)**

63.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 62, and each and every part thereof with the same force and effect as though fully set forth herein.

64.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendants.

65.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

66.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

67.     During the relevant time period, Defendants required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

68.     During the relevant time period, Defendants willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.

69.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

70.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

71.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7, subdivision (b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

11

1
2

**FOURTH CAUSE OF ACTION**
**(Violation of California Labor Code sections 1194, 1197, and 1197.1)**
**(Against Defendant HAIR CLUB FOR MEN, LLC and DOES 1 through 100)**

3    72.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 71,

4    and each and every part thereof with the same force and effect as though fully set forth herein.

5    73.    At all relevant times, California Labor Code sections 11194, 1197, and 1197.1 provide

6    that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so

7    fixed is unlawful.

8    74.    During the relevant time period, Defendants regularly failed to pay minimum wage to

9    Plaintiffs and the other class members as required, pursuant to California Labor Code sections 11194,

10   1197, and 1197.1.

11   75.    Defendants' failure to pay Plaintiffs and the other class members the minimum wage as

12   required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections

13   Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage

14   compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to

15   the wages unlawfully unpaid and interest thereon.

16   76.    Pursuant to California Labor Code section 1197.1, Plaintiffs and the other class members

17   are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum

18   wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

19   77.    Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members

20   are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest

21   thereon.

22
23

**FIFTH CAUSE OF ACTION**
**(Violation of California Labor Code §§ 201 and 202)**
**(Against Defendant HAIR CLUB FOR MEN, LLC and DOES 1 through 100)**

24   78.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

25   77, and each and every part thereof with the same force and effect as though fully set forth herein.

26   79.    Pursuant to California Labor Code sections 201 and 202, if an employer discharges an

27   employee, the wages earned and unpaid at the time of discharge are due and payable immediately,

28   and if an employee quits his or her employment, his or her wages shall become due and payable not

later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

80.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff CLEMENS and the other class members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiff CLEMENTS and the other class members leaving Defendants' employ.

81.     Defendants' failure to pay Plaintiff CLEMENS and the other class members their wages, earned and unpaid, within seventy-two (72) hours of them leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

82.     Pursuant to California Labor Code section 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

83.     Plaintiff CLEMENS and the other class members are entitled to recover the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION
### (Violation of California Labor Code § 204)
### (Against Defendant HAIR CLUB FOR MEN, LLC and DOES 1 through 100)

84.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

85.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

86.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar

/ / / /

13

month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

87.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

88.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

89.     Plaintiffs and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

**SEVENTH CAUSE OF ACTION**
**(Violation of California Labor Code § 226(a))**
**(Against Defendant HAIR CLUB FOR MEN, LLC and DOES 1 through 100)**

90.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 89, and each and every part thereof with the same force and effect as though fully set forth herein.

91.     Pursuant to California Labor Code section 226(a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

////

14

92.     Defendants intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements.  The deficiencies included one or more of the following: the failure to include the total number of hours worked by Plaintiffs and the other class members, the failure to include the hourly rate, and the failure to provide social security number.

93.     As a result of Defendants' violation of California Labor Code section 226, subdivision (a), Plaintiffs and the other class members experience actual injury because it: (1) resulted in the non-payment of wages; (2) deprived Plaintiffs and the class members of the information necessary to identify discrepancies in Defendant's reported data; (3) created confusion over whether they received all wages owed to them; (4) created difficulty and expense involved in reconstructing pay records; and (5) forced Plaintiffs and the class member to make mathematical computations to analyze whether the wages paid in fact properly compensated them.

## EIGHTH CAUSE OF ACTION
### (Violation of California Labor Code section 1174, subdivision (d))
### (Against Defendant HAIR CLUB FOR MEN, LLC and DOES 1 through 100)

94.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     Pursuant to California Labor Code section 1174, subdivision (d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

96.     Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

97.     As a result of Defendants' violation of California Labor Code section 1174, subdivision (d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

98.     More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174, subdivision (d)

15

because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174, subdivision (d).

## NINTH CAUSE OF ACTION
**(Violation of California Business & Professions Code §§ 17200 et seq.)**
**(Against Defendant HAIR CLUB FOR MEN, LLC and DOES 1 through 100)**

99.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 98, and each and every part thereof with the same force and effect as though fully set forth herein.

100.     Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs and the other class members, and Defendants' competitors. Accordingly, Plaintiffs and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

101.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

102.     A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law.

**Failure to Pay Overtime**

103.     Defendants' failure to pay overtime in violation of the Wage Orders and California Labor Code section 1198, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failing to Provide Meal Periods**

104.     Defendants' failure to provide legally required meal periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Provide Rest Periods**

105.     Defendants' failure to provide legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

/ / / /

16

**Failure to Pay Minimum Wages**

106.   Defendants' failure to pay minimum wages in violation of the Wage Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Provide Compliant Wage Statements**

107.   Defendants' failure to provide compliant wage statements in violation of California Labor Code section 226, subdivision (a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Keep Complete and Accurate Payroll Records**

108.   Defendants' failure to keep complete and accurate payroll records in violation of California Labor Code section 1174, subdivision (d), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Pay Earned Commissions**

109.   Defendants' failure to timely pay Plaintiffs and the other class members their earned commissions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other members of the general public similarly situated, jointly and severally, as follows:

**Class Certification**

1.   That this action be certified as a class action;

2.   That Plaintiffs be appointed as the representatives of the Class;

3.   That counsel for Plaintiffs be appointed as Class Counsel; and

4.   That Defendant provide to Class Counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

**As to the First Cause of Action**

5.   That the court declare, adjudge and decree that Defendants violated California Labor Code section1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.     For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

10.     That the court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs and the other class members;

11.     That the court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premium wages pursuant to California Labor Code section 226.7, subdivision (b);

14.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

15.     For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

16.     That the court declare, adjudge and decree that Defendant violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

17.     That the court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

18.     For all actual, consequential, and incidental losses and damages, according to proof;

19.     For premium wages pursuant to California Labor Code section 226.7, subdivision (b);

20.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

18

21.     For such other and further relief as the court may deem just and proper.

**As to the Fourth Cause of Action**

22.     That the court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other class members;

23.     For general unpaid wages and such general and special damages as may be appropriate;

24.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs and the other class members in the amount as may be established according to proof at trial;

25.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194, subdivision (a);

27.     For liquidated damages pursuant to California Labor Code section 1194.2; and

28.     For such other and further relief as the court may deem just and proper.

**As to the Fifth Cause of Action**

29.     That the court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of the other class members no longer employed by Defendants;

30.     For all actual, consequential, and incidental losses and damages, according to proof;

31.     For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

32.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33.     For such other and further relief as the court may deem just and proper.

**As to the Sixth Cause of Action**

34.     That the court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by  California Labor Code section 204 to Plaintiffs and the other class members;

19

35.     For all actual, consequential, and incidental losses and damages, according to proof;

36.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

37.     For such other and further relief as the court may deem just and proper.

### As to the Seventh Cause of Action

38.     That the court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226, subdivision (a) and applicable IWC Wage Orders as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

39.     For actual, consequential and incidental losses and damages, according to proof;

40.     For statutory penalties pursuant to California Labor Code section 226, subdivision (e);

41.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226, subdivision (g); and

42.     For such other and further relief as the court may deem just and proper.

### As to the Eighth Cause of Action

43.     That the court declare, adjudge and decree that Defendants violated California Labor Code section 1174, subdivision (d) by willfully failing to keep accurate and complete payroll records for Plaintiffs and the other class members as required by California Labor Code section 1174, subdivision (d);

44.     For actual, consequential and incidental losses and damages, according to proof;

45.     For statutory penalties pursuant to California Labor Code section 1174.5; and

46.     For such other and further relief as the court may deem just and proper.

### As to the Ninth Cause of Action

47.     That the court decree, adjudge and decree that Defendants California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, and failing to pay at least minimum wages to Plaintiffs and the other class members.

////

CLASS ACTION COMPLAINT

48.     For restitution of unpaid wages to Plaintiffs and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

49.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.; and

50.     For such other and further relief as the court may deem just and proper.

Date:  March 27, 2015                              **R. REX PARRIS LAW FIRM**


By:     */s/ John M. Bickford*
        John M. Bickford, Esq.
        Attorneys for Plaintiffs, the Putative Class,
        and Aggrieved Employees

21

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, individually, and on behalf of other members of the general public similarly situated, and aggrieved employees, hereby demand a trial by a jury.


Date:  March 27, 2015                                **R. REX PARRIS LAW FIRM**



By: ___/s/ John M. Bickford_____
John M. Bickford, Esq.
Attorneys for Plaintiffs, the Putative Class,
and Aggrieved Employees

22