IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA CLEMENS, JORDAN SIMENSEN, and ADRIA DESPRES, individuals, for themselves and all members of the putative class and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>HAIR CLUB FOR MEN, LLC, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C 15-01431 WHA<br><br><br><br><br><br><br><br><br><br><br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

## INTRODUCTION

In this wage-and-hour class action, plaintiff moves for final approval of a class settlement agreement, approval of an incentive award for the lead plaintiff, and an award of attorney's fees and costs to class counsel. For the reasons stated below, final approval of the settlement is **GRANTED**, the request for the incentive awards is **DENIED**, the request for attorney's fees and costs is **GRANTED IN PART AND DENIED IN PART**, and approval of the administration costs is **GRANTED**.

## STATEMENT

The background of this action has been set forth in a prior order and needs not be discussed in detail herein (Dkt. No. 60). In brief, plaintiffs Teresa Clemens, Jordan Simensen, and Adria Despres, bring claims against their former employer, defendant Hair Club for Men, LLC, alleging various claims arising out of Hair Club's meal-period and rest-break practices

and for penalties for alleged inaccuracies on wage statements under Section 226 of the California Labor Code. An order certified a class only as to plaintiffs' wage-statement claims and appointed Clemens and Simensen (but not Despres) as lead plaintiffs. The class includes 197 employees and former employees of Hair Club.

Throughout the case, both before and after certification of the class, the parties engaged in extensive classwide discovery, including thousands of pages of written discovery, significant research, interviews of class members, and thirty-eight depositions (fifteen taken by plaintiffs, twenty-three by defendant, all lasting at least an hour and averaging more than three hours). Following class certification, the parties attended a four-and-one-half-hour settlement conference before Magistrate Judge Joseph C. Spero at which they negotiated the instant classwide settlement agreement.

Briefly, the settlement requires Hair Club to establish a non-reversionary settlement fund of $500,000, from which shall be deducted $47,500 to settle the individual plaintiffs' non-certified claims, any incentive award to our lead plaintiffs, Clemens and Simensen, any award of attorney's fees and costs, a payment of $3,750 to the California Labor & Workforce Development Agency pursuant to the Private Attorneys General Act (with $1,250 to be paid to PAGA-eligible class members), and administrative costs. The remaining funds are to be distributed to class members based on their *pro rata* shares, with each class member's individual share determined based on of the number of pay periods worked by that class member during the class period as a proportion of the total number of pay periods worked by all class members during the class period.

The claims administrator will mail settlement checks and tax documents to each class member on a list provided by counsel, with the amount owed to be calculated based on Hair Club's payroll records. There will be no claims process.

After proper notice, no objections to the settlement have been filed or received by counsel, the Court, or the class administrator. No members of the class opted out of the settlement agreement (Salinas Decl. ¶¶ 9–10). The settlement agreement provides for an average cash payment of nearly one thousand dollars to each class member *after* all of the deductions above. The classwide release is limited to the certified claims.

Plaintiffs now move for final approval of the settlement agreement. Class counsel also moves for an award of (1) $175,000 in attorney's fees, (2) $80,000 in costs, and (3) a $1250 incentive award to each class representatives (for a total of $2500). Finally, class counsel seeks approval of a payment of $5100 in administration costs to the class administrator. This order follows a brief from plaintiffs, a statement of non-opposition from defendant, and oral argument.

**ANALYSIS**

"A settlement should be approved if it is fundamentally fair, adequate and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotations omitted).

**1.   THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE, AND ADEQUATE.**

To win final approval, a class settlement must be fair, reasonable, and adequate. FRCP 23(e)(2); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

This settlement is grounded in a $500,000 cash payout, to be allocated among class members after certain deductions. As stated in the order granting preliminary approval of the settlement, Section 226(e)(1) of the California Labor Code, which provides for statutory damages for the only claim certified (allegedly improper wage statements), caps an individual's recovery at $4,000 *without* accounting for attorney's fees and costs, and the class faced significant risk that it would recover *zero* (Dkt. No. 75 at 7). The discount on the total available recovery is fair, reasonable, and adequate in light of that risk.

None of the class members opted out of the settlement, and no one objected following preliminary approval of the settlement. At the hearing on the instant motion for final approval, the Court gave an opportunity for any class member to raise any issue relating to the settlement, even though no class members filed objections. No class member appeared.

This order finds the settlement is fair, reasonable, and adequate.

**2.   ATTORNEY'S FEES AND COSTS.**

Despite the settlement agreement and defendant's acquiescence to the attorney's fees sought, a court must still ensure that the attorney's fees and costs awarded are "fair, reasonable, and adequate." *See Staton v. Boeing, Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). Common

1    fund fees, as we have here, are consistent with the "American Rule" (*i.e.*, that each party pays
2    for its own litigation expenses), and "a litigant or lawyer who recovers from the common fund
3    for the benefit of persons other than himself or his client is entitled to a reasonable attorney's
4    fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

5        District courts in this circuit may use two different approaches to gauge the
6    reasonableness of a requested fee award under the traditional common-fund approach.  The first
7    is the lodestar method, whereby a reasonable number of hours is multiplied by a reasonable
8    hourly rate.  The lodestar may include a risk multiplier to enhance the fees under certain
9    circumstances, in which a court considers "the quality of the representation, the benefit obtained
10   for the class, the complexity and novelty of the issues presented, and the risk of nonpayment."
11   *Hanlon*, 150 F.3d at 1026.  Our court of appeals, however, also allows a calculation based upon
12   a percentage of the common fund.  *See Staton*, 327 F.3d at 967–68.  The benchmark percentage
13   is 25 percent.  *See Hanlon*, 150 F.3d at 1026.  Here, the requested $175,000 in attorney's fees
14   equals approximately 35 percent of the total settlement fund.  It also represents 52 percent of
15   class counsel's claimed lodestar of $338,622.50 (Bickford Decl. ¶ 13).

16       Counsel also requests an award of costs of $80,000, to be paid from the settlement fund.
17   Class counsel John Bickford filed a declaration detailing the expenses he and his firm incurred
18   for a total of $80,226.85.  The descriptions of the costs incurred are too bare bones to properly
19   vet, though several expenses for overnight services and the significant cost of deposition
20   services suggest that counsel seeks reimbursement for certain expenses incurred solely for the
21   sake of convenience, to which they are not entitled.

22       More critically, class counsel's calculations of their lodestar and costs is plagued by a
23   glaring omission.  They seek fees and costs for the entirety of the preparation of this case,
24   although only one of plaintiffs' five claims won certification.  Indeed, the claims that the Court
25   declined to certify constituted the heart of the motion for class certification and concerned more
26   substantive issues (workplace conditions as opposed to wage-statement formatting).  Tellingly,
27   the individual plaintiffs are set to recover nearly ten times more from the settlement of their
28   individual claims than they will from the settlement of their certified claim.

4

Counsel failed to reduce their lodestar and costs calculations to account for the fact that our class did not benefit from the vast majority of that work — work that will need to be performed again if our class members pursue the claims that were not certified. This order will not require the class to pay for all of counsel's unsuccessful pre-certification work, particularly where that work resulted in significant recovery for the individual plaintiffs. Nevertheless, in light of the reasonable recovery actually realized, this order finds a fee award of $125,000 (25% of the settlement fund) and costs totaling $50,000 reasonable and fair to both counsel and the class.

As stated at the hearing, class counsel may file supplemental materials explaining why the class should bear the full brunt of the costs *and* providing greater detail for each line item so that the class does not pay for enhanced costs incurred solely for counsel's convenience. Any factual material must be supported by a sworn declaration and submitted by **THURSDAY, OCTOBER 6 AT NOON**.

### 3.  INCENTIVE AWARD.

Plaintiffs seek approval of an incentive award of $1250 for each lead plaintiff to be paid from the settlement fund (for a total of $2500). True, plaintiffs spearheaded this lawsuit and committed time to the litigation both in working with counsel and in sitting for extensive depositions. Nevertheless, as stated, the settlement of their individual claims *dwarfs* the recovery of any individual class member. Specifically, $47,500 is to be allocated among class representatives Clemens and Simensen as well as Despres (who was not certified as a class representative), while each class member will receive an average of one thousand dollars.

Moreover, while class counsel's calculation of their lodestar does not facilitate thorough analysis, it appears substantially likely that even after the reduction of the fee award to 25% of the settlement fund, our individual plaintiffs are still effectively sticking the class as a whole with a hefty portion of the bill for the prosecution of their individual claims. This order finds no incentive award is appropriate.

### 4.  ADMINISTRATION COSTS.

Plaintiffs seek approval for a payment of $5100 to the claims administrator, Simpluris, Inc. The Court preliminarily approved the settlement with the understanding that

administration costs would not exceed $5677. The final cost came in under budget. The claims administration costs are hereby **APPROVED**.

## CONCLUSION

For the reasons stated above, final approval of the settlement is **GRANTED**, the request for the incentive awards is **DENIED**, and approval of the administration costs is **GRANTED**. Attorney's fees in the amount of $125,000 and costs in the amount of $50,000 shall be awarded to class counsel. If class counsel wish to file supplemental materials in an effort to support a greater award of costs, they may do so by **OCTOBER 6 AT NOON**.

The disbursement for fees shall not be paid until all class members have received what they are entitled to receive, and there is no further work to be done.

By **OCTOBER 6 AT NOON**, the parties shall submit a stipulated form of judgment that specifically identifies the individuals who are subject to the judgment herein as well as those class members who are *not* subject to the judgment because notice could not be delivered. By **DECEMBER 1 AT NOON**, counsel shall certify to the Court that all class members have received their checks or explain why not and how the snafu will be cured.

**IT IS SO ORDERED.**

Dated: September 22, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE